UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 10-1053 CAS (DBTx) | Date | July 30, 2010 |
|---|---|---|---|
| Title | U.S. NATIONAL BANK ASSOCIATION v. JULIAN DE LA O | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   **(In Chambers:) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On May 14, 2010, plaintiff U.S. Bank National Association ("U.S. Bank") filed the instant action against defendants Julian De La O, Victoria De La O, and Does 1 through 10 alleging unlawful detainer pursuant to Cal. Code of Civ. P. § 1161. U.S. Bank alleges that defendants have continued occupying a property that U.S. Bank purchased in a foreclosure proceeding after the bank had duly served defendants with a written notice demanding surrender. Compl. ¶¶ 1-2, 5-6. U.S. Bank brought the instant action to recover restitution and possession of the property. Compl. ¶ 8. The complaint does not specify a specific amount in controversy, but states that the demand is under $10,000. Compl. 1:14.

On July 16, 2010, defendants removed the instant action to this Court. Defendants' basis for the removal is not entirely clear from their moving papers. See Mot. Defendants state that they are moving based on federal question jurisdiction, alleging that "the state court complaint pleads and alleges claims 'arising under' [f]ederal [l]aw . . . ." Mot. at 2. However, defendants also allege that "this is a case of complete diversity" and that the amount in controversy exceeds $95,000. Id. However, defendants give no explanation as to the basis for that amount. Id.

As a preliminary matter, the Court notes that U.S. Bank's complaint does not arise under federal law, so defendants cannot remove based on federal question jurisdiction. See Compl. Furthermore, removal founded on diversity jurisdiction requires that parties be in complete diversity and that the amount in controversy exceed $75,000. Matheson v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1053 CAS (DBTx) | Date | July 30, 2010 |
|---|---|---|---|
| Title | U.S. NATIONAL BANK ASSOCIATION v. JULIAN DE LA O | | |

Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1).  When the plaintiff's state court complaint is not clear as to the amount in controversy but states that it is less than the jurisdictional minimum, the defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000.  Gaus v. Miles, 980 F.2d 564, 567 (9th Cir. 1992); Guglielmino v. McKee Foods, 506 F.3d 696, 701. Moreover, removal is allowed only if none of the defendants is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).

In the instant case, plaintiff alleges that the claim is under $10,000 and defendants allege no facts to demonstrate that the amount exceeds $75,000.  See Compl.; Mot.  Furthermore, neither defendants no plaintiff allege any facts regarding plaintiff's diversity.  Finally, both defendants are citizens of California and as such cannot remove the instant case.  Accordingly, defendant is hereby ORDERED to SHOW CAUSE on or before August 16, 2010, why the instant action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |